458 P.2d 877

Vaughn B. HUNTER, Plaintiff
and Respondent,

v.

Earl N. DORIUS, Director of the Utah State
Driver's License Division, De-
fendant and Appellant.

No. 11493.

Supreme Court of Utah.

Sept. 16, 1969.

Vernon B. Romney, Salt Lake City, Atty.
Gen., Lauren N. Beasley, and Joseph P.
McCarthy, Asst. Attys. Gen., Salt Lake
City, for appellant.

Roger H. Thompson, of Van Cott, Bagley, Cornwall & McCarthy, Salt Lake City, for respondent.

TUCKETT, Justice.

The defendant appeals from a judgment of the district court reversing an order of the defendant revoking the plaintiff's driver's license for a period of one year.

The plaintiff was involved in a one-car accident on Interstate Highway 80 on August 24, 1968, at the hour of approximately 8:00 p. m. A highway patrolman, one Bill Himes, arrived at the scene of the accident at approximately 8:30 p. m. The patrolman placed the plaintiff under arrest at the scene and thereafter took him to the highway patrol station, arriving there about 9:15 p. m. At the station the patrolman requested the plaintiff to submit to a sobriety test in accordance with the provisions of Section 41–6–44.10, U.C.A.1953, as amended, which reads as follows:

(a) Any person operating a motor vehicle in this state shall be deemed to have given his consent to a chemical test of his determining the alcoholic content of his blood, provided that such test is administered at the direction of a peace officer having reasonable grounds to believe such person to have been driving in an intoxicated condition. The arresting officer shall determine within reason which of the aforesaid tests shall be administered. If such person has been placed under arrest and has thereafter been requested to submit to any one of the above chemical tests and refuses to submit to such chemical test, the test shall not be given and the arresting officer shall advise the person of his rights under this section. Within twenty days after receiving an affidavit from the arresting officer to the effect that such person has refused a chemical test the department shall notify such person of a hearing before the department. If at said hearing the department determines that the person was granted the right to submit to a chemical test and without reasonable cause refused to submit to such test, or if such person fails to appear before the department as required in said order, the department shall revoke, for one year, his license or permit to drive. * * *

The plaintiff asked and was granted time to contact his attorney before deciding whether or not to take the test. The plaintiff attempted to contact his attorney by phone but was unable to do so. Plaintiff continued to try to obtain legal counsel for approximately one-half hour, during which time the patrolman having him in custody urged him to submit to the test or decline the same. At 9:48 p. m., the patrolman advised the plaintiff as to his rights pursuant to the terms of the statute and the consequences of a refusal to submit to a sobriety test. At 10:05 p. m. the officer

completed an affidavit to the effect that the plaintiff had refused the chemical test referred to in the statute. Shortly thereafter a member of the firm of lawyers who had represented the plaintiff in other matters called the patrol station and advised the plaintiff to submit to the chemical test and also informed the officer that the plaintiff would submit to the test, but the patrolman refused to take steps to accomplish that purpose.

Based upon these facts the trial judge made a finding that the plaintiff had not refused to submit to the chemical test required by the statute. It is conceded by the defendant that the plaintiff had a right to consult legal counsel before making a decision to take or decline the test. After the plaintiff had been advised as to his rights under the statute and the consequences of his refusal to submit to a test at the hour of 9:48 p. m., the plaintiff still had a reasonable time in which to make up his mind and to seek legal counsel.

The decision of the lower court is amply supported by the evidence and is affirmed. No costs awarded.

CALLISTER, J., ALLEN B. SORENSEN, District Judge, concur.

ELLETT, Justice (dissenting).

In an administrative proceeding the defendant deprived plaintiff of his right to drive for one year. Plaintiff then filed an action in the district court for a de novo hearing as to whether his license to drive an automobile should be revoked. The district court upon trial held that the revocation was not justified and ordered the defendant to restore plaintiff's driving privileges. This appeal followed.

The facts of the matter are not in dispute and in substance are as follows:

At about 7:40 p. m. on August 24, 1968, the plaintiff's car hit a guardrail on the freeway and became disabled. A highway patrolman was called by someone to investigate the accident. He arrived at the scene at approximately 8:00 p. m. After he made his investigation, he decided that the plaintiff was under the influence of intoxicating liquor and at 8:25 p. m. placed him under arrest. The plaintiff thereafter was taken to the highway patrol substation and at 9:15 was requested to take a test to determine the amount of alcohol in his blood. The plaintiff refused to take the test, saying he wanted to contact his lawyer and would not submit to any test or anything until he got in touch with his lawyer and found out what his legal rights were. He was permitted to use the telephone and learned that his lawyer was out of town. He contacted another lawyer, who advised him not to submit to any tests at all, and he so informed the highway patrolman. He continued phoning and would not submit to a test. Finally at

10:05 p. m. the officer said he was tired of fooling around and filled out a "Refusal Form," which set in motion the legal machinery resulting in the suspension of the plaintiff's driving privileges. At about the time the officer was filling out the refusal form, the plaintiff got in touch with another lawyer, who advised him to submit to a blood test only. The officer told him it was too late.

The sole question to be determined is: Did the trial court properly conclude as a matter of law that the plaintiff consented to take a sobriety test? Since the evidence is not in dispute, the trial court is in no better position to rule upon the matter than is this court. There can be no question of the fact that the plaintiff did refuse for approximately one hour to take the sobriety test. There also can be no question that some two hours and twenty minutes after the car was disabled the plaintiff did consent to take a blood test which the officer considered to be too late in point of time. The question then boils itself down to this: Is there a locus penitentiae for one accused of drunk driving to change his mind about taking a sobriety test and, if so, where is that point?

Section 41–6–44.10, U.C.A.1953 (1967 Pocket Supp.), reads:

(a) Any person operating a motor vehicle in this state shall be deemed to have given his consent to a chemical test of his breath, blood or urine for the purpose of determining the alcoholic content of his blood, provided that such test is administered at the direction of a peace officer having reasonable grounds to believe such person to have been drinking in an intoxicated condition. The arresting officer shall determine within reason which of the aforesaid tests shall be administered. If such person has been placed under arrest and thereafter been requested to submit to any one of the above chemical tests and refuses to submit to such chemical test, the test shall not be given and the arresting officer shall advise the person of his rights under this section. Within twenty days after receiving an affidavit from the arresting officer to the effect that such person has refused a chemical test the department shall notify such person of a hearing before the department. If at said hearing the department determines that the person was granted the right to submit to a chemical test and without reasonable cause refused to submit to such test, or if such person fails to appear before the department as required in said order, the department shall revoke, for one year, his license or permit to drive. * * *

\* \* \*

The instant case is strictly civil, and we are not concerned with the hair-splitting niceties with which state courts are now

---

1. The plaintiff makes no claim that his arrest was unlawful.

forced by federal court rulings to contend in criminal matters. The law is clear that when a person is lawfully arrested[1] and the arresting officer has reasonable grounds to believe such person to have been driving in an intoxicated condition and requests the arrested person to submit to a sobriety test, then that person must so submit or risk the loss of his driver's permit for one year.

One is presumed to know the law, and he is not entitled to delay unduly his decision while he attempts to contact an unavailable attorney. Besides, the statute puts the duty upon the arresting officer to advise the one arrested of his rights and not upon a lawyer. One who is lawfully arrested and refuses to take a sobriety test would have a second chance to take it after the arresting officer explained the consequences of the refusal. If the statute did not mean for one to have a second chance, it would be a useless thing to have the officer explain any rights because they already would have been lost by the first refusal.

After the person arrested refuses to take a sobriety test, and after the officer explains the consequences of the refusal, then the arrested person must decide whether to take the test and risk conviction or to refuse to take the test and risk losing his permit to drive an automobile for one year. He should act forthwith, and the officer does not have to wait for an hour to receive the answer.

"Forthwith" means immediately; without unnecessary delay; as expeditiously as under all the circumstances is reasonably prudent and convenient.[2]

An officer's time can better be used in performing the duties of his calling than by playing nursemaid to one who dallies around perhaps hoping that a delayed test will show a lesser alcoholic content in his blood.

The evidence in this case clearly shows that the delay on the part of the plaintiff was unreasonable and was unjustified. He not only was properly advised by the officer pursuant to the statute as to what the consequences of his refusal would be, but he was permitted to contact one lawyer who advised him not to take any test at all, and he took that advice and so informed the officer. This was sufficient indication of a refusal to take the test to cause the officer to fill out the refusal form and to justify the defendant in revoking the plaintiff's license to drive.

The trial court should have sustained the ruling of the defendant. The judgment should be reversed, and the plaintiff ordered to surrender his driving license to the defendant for cancellation pursuant to law.

CROCKETT, C. J., concurs with the dissenting opinion of ELLETT, J.

HENRIOD, J., does not participate herein.

2. 17 Words and Phrases, Permanent Edition, p. 605.