RAINE, APPELLANT, *v.* CURRY, REGISTRAR, APPELLEE.

[Cite as Raine v. Curry (1975), 45 Ohio App. 2d 155.]

(No. 74AP-588—Decided May 22, 1975.)

*Messrs. Finneran, Finneran & Finneran,* for appellant.

*Mr. George C. Smith,* prosecuting attorney, and *Mr. Alan C. Travis,* for appellee.

McCORMAC, J. On February 8, 1974, a state highway patrolman observed defendant's automobile stuck in the mud adjacent to Interstate 270. Defendant was in the car, and the wheels were spinning when the officer approached the vehicle. The officer observed that defendant had the usual signs of being under the influence of alcohol and he was arrested on this charge and taken to patrol headquarters.

At patrol headquarters, defendant was advised of the consequences of refusing to take a designated chemical sobriety test. He refused to take a breathalyzer test unless he was first permitted to contact an attorney for the purposes of seeking advice regarding his taking the test. At that time approximately 45 minutes had elapsed since the time of the arrest, well within the two-hour period permitted for taking the test. When defendant refused to take the test until he could contact his attorney, such was marked as a refusal. Based on the "refusal," the bureau of motor ve-

156

hicles notified him that his license had been suspended.

Defendant filed a timely petition in the Franklin County Municipal Court, alleging that the suspension was improper in that the state had not fully complied with the requirements of R. C. 4511.191. As is the practice for hearings on license revocations at the Franklin County Municipal Court, the matter was referred to a referee. After the hearing, the referee found that there was no error on the part of the bureau of motor vehicles and that the petition should be dismissed.

Specifically, as to the refusal, the referee found as follows:

"As to the issue of whether or not the petitioner was denied his right to have an attorney or to consult with an attorney, the argument of petitioner's counsel is well taken to a point. However, taken in combination, the Sigwald (sic) vs. Curry and the Crabtree vs. Curry decisions, which was subsequent to the Sigwald (sic) case, indicate a two-pronged test before the request for an attorney becomes prejudicial to the petitioner in such a case as this. And the Court specifically finds that there was no willingness on the part of the petitioner to take the test requested, which was the Breathalyzer test."

The trial court affirmed the referee's decision. Defendant has presented a timely appeal to this court, raising the following assignments of error:

"(1) The Trial Court committed reversible error in sustaining the suspension of plaintiff-appellant's driving rights in finding that plaintiff-appellant was properly considered by the police agency to have refused to take the required chemical alcohol test where plaintiff-appellant requested and was denied the right to consult an attorney before submitting to such chemical test as required by Section 4511.191 of *The Ohio Revised Code*, when the designated two hour period was not endangered, thereby violating his sixth and fourteenth amendment right to counsel as guaranteed by the Federal Constitution and his statutory rights to communicate with counsel as guaranteed by Sections 2935.14 and 2935.20 of *The Ohio Revised Code*, in

that such finding is unsupported by and contrary to the manifest weight of the evidence.

"(2) The Trial Court committed reversible error in sustaining the suspension of plaintiff-appellant's driving rights in finding that the arresting officer had reasonable grounds to believe that the plaintiff-appellant had been driving an automobile on the highways of the state of Ohio while under the influence of alcohol in that such finding is unsupported by and contrary to the manifest weight of the evidence.

"(3) The Trial Court committed reversible error in finding that plaintiff-appellant refused to take an alcohol test when plaintiff-appellant agreed to submit to a blood test, and such finding is therefore unsupported by and contrary to the manifest weight of the evidence.

"(4) Irreparable damage and harm was done to plaintiff-appellant's case when the video tape recording involved in this matter was destroyed by the police agency involved despite the order of this Court that said video tape evidence was to be preserved during the pendency of this appeal, and this act alone should require the reversal of the judgment and final judgment should be entered for plaintiff-appellant herein.

"(5) The Trial Court committed reversible error in allowing and insisting that this matter be heard and decided by a referee who had no authority or jurisdiction to do so.

"(6) The Trial Court committed reversible error in overruling plaintiff-appellant's Motion for a Jury Trial.

"(7) The Trial Court committed reversible error in requiring and utilizing the wrong degree of proof and improperly placing the burden of proof in arriving at its findings of fact and decision in this case."

The first and most significant assignment of error is that the trial court was mistaken in holding that there must be an expression of willingness by the defendant to take the test before the refusal to call an attorney is prejudicial. In so holding, the trial court misinterpreted the holdings of this court in the cases of *Crabtree* v. *Curry,* Franklin County Court of Appeals, No. 74AP-86, July 30, 1974, and *Siegwalt*

v. *Curry* (1974), 40 Ohio App. 2d 313. Both of these cases stress the requirement of permitting an arrested person facilities to communicate with an attorney, forthwith. We quote, as follows, from Judge Holmes' decision in *Crabtree*:

"The foregoing demonstrates a lack of understanding by the officer of his mandatory statutory obligation under R. C. 2935.20 to *forthwith* afford to an arrested person facilities to communicate with an attorney This means that facilities for communication with an attorney must be furnished *immediately* upon request and the officer *may not delay* until it suits his convenience, his paperwork is done, or slating is completed. The testimony of the officer indicates he violated R. C. 2935.20 in this instance."

In the case at hand, the officers involved also violated defendant's right to forthwith contact an attorney. In this case, as the record indicates, repeated requests to contact an attorney were ignored.

The pertinent issue in this case, however, is whether there is a necessity that a suspect indicate a willingness to take the test prior to his contacting an attorney, in order to avoid the consequences of a suspension of his license for the refusal to take the test. It is perfectly obvious that, where one is acting in good faith, his very reason for contacting an attorney is to obtain advice as to whether he should take the test. As Judge Whiteside pointed out in the *Siegwald* decision:

"To allow a person to attempt to call his attorney and obtain advice from him would in no way emasculate the implied consent law and make it practically noneffective. On the contrary, there would probably be fewer refusals to take tests if the advice of an attorney were secured prior to refusal.

"'It is difficult to envisage a circumstance where a competent attorney would advise a client to refuse to take the chemical test and suffer the consequences of a six months' suspension of his driving rights, and the use of such refusal against him at trial. In many, if not most, instances, the punishment imposed following a conviction for driving while under the influence of alcohol would be less onerous

than the six months' suspension of driving rights imposed for a refusal to take the chemical test. And, of course, a refusal to take the test is no assurance that there will not be a conviction for driving while under the influence of alcohol because there is often sufficient evidence, plus the inferences that may be made from the fact of refusing to take the test, to support a conviction for driving while under the influence of alcohol, even where there is a refusal to take the test.''

Applying those two cases to the facts of the instant case, it is found that the refusal of the defendant was a refusal conditioned only upon a right to request the advice of an attorney first, concerning the taking of the test. Apparently, defendant believed that a blood alcohol test would be more favorable to him than a breathalyzer test, and he wanted to talk to his attorney about the requirement of taking a test before submitting. A review of the record does not indicate an unequivocal refusal, other than the refusal based on an opportunity to contact an attorney first. In this regard, this case is distinguishable from the *Crabtree* case, where there were several unequivocal refusals to take the test prior to the making of a request to contact an attorney; hence, the contacting of an attorney in the *Crabtree* case was unrelated to the refusal. In the *Siegwald* case, the bureau of motor vehicles appealed and this court affirmed the fact that there was no refusal where a willingness to take the test was expressed prior to the request to contact an attorney. The *Siegwald* decision should not, however, be interpreted, as it was by the referee and trial court in this case, to require an expression of willingness prior to the contacting of an attorney. The reason for such request is to ascertain from someone independent of the investigation what the accused's rights are, and what he should do in regard to taking the test. Of course, this decision does not permit the accused to avoid the consequences of a refusal to take the test where the request to contact an attorney is a fraud or subterfuge, or where there is an attempt to delay matters beyond the statutory period of two hours. The holding, therefore, as to this assignment of error, clarifying the

*Siegwald* case, is that a refusal conditioned upon a timely and bonafide request to contact an attorney does not constitute a refusal contemplated by R. C. 4511.19. Of course, if a defendant is unable to contact his attorney within a reasonable time, the accused must then make his own decision and accept the consequences. Neither the record nor the decision of the referee in this case indicates substantial evidence or the finding of a reason for the refusal, other than the request to communicate with his attorney first. The decision of the trial court, in holding that defendant's act constituted a refusal, is erroneous and Assignment of Error number one is sustained.

The second assignment of error is that the trial court erred in finding that the officer had reasonable grounds to believe plaintiff had been driving upon the public highways while under the influence of alcohol. It is not necessary that a police officer see a person drive in order to have reasonable grounds to believe he was operating a motor vehicle while under the influence of alcohol. *Calvert* v. *Rice,* Franklin County Court of Appeals, No. 9698, May 5, 1970, and *Palmer* v. *Rice*, Franklin County Court of Appeals, No. 9808, July 28, 1970. In our case, the officer observed plaintiff, evidencing the usual signs of intoxication, stuck along Interstate 270, behind the wheel of his car, with his motor running and the wheels spinning. Certainly, there is every reasonable ground to believe that he had operated this automobile upon the public highway. Assignment of Error number two is overruled.

The third assignment of error is that the trial court erred in finding that defendant refused to take the designated chemical test when he agreed to submit to a blood test. R. C. 4511.191(A) provides as follows:

"The law enforcement agency by which such officer is employed shall designate which of the aforesaid tests shall be administered."

Defendant does not have the option of determining which test should be administered, for obvious reasons. If he had such, he could select a test that the particular agency was not equipped to provide. The designated test was the breathalyzer test, and a refusal based upon a request for

the use of a different test constitutes a refusal to take the designated test. *Agnew* v. *Rice*, Franklin County Court of Appeals No. 9495, January 20, 1970. However, of course, as pointed out in Assignment of Error one, his refusal in this case was predicated upon his obtaining the advice of his attorney first, which, as pointed out in Assignment of Error one, does not constitute a refusal.

In the fourth assignment of error, defendant complains that a videotape record was made of him at the highway patrol headquarters, and that error was committed when it was destroyed without making it available to the Court of Appeals.

Defendant's counsel readily concedes that he decided not to introduce the videotape into evidence at the trial because parts of it may have been prejudicial to his client's interests; hence, the videotape was not part of the record. Defendant complains that he requested that it be made available for review by this court, and that he was then notified that it had been destroyed, although orally he had been promised that it would be retained. Whether it was destroyed or not is irrelevant to this proceeding, as this court can take notice of only those items that are properly admitted into evidence at the trial court level. Assignment of Error four is overruled.

The fifth assignment of error is that the case was improperly submitted to a referee for hearing, in contravention of defendant's right to have the case heard by a judge. The proceeding herein is a special statutory proceeding which is within the civil jurisdiction of the Franklin County Municipal Court. Both the civil rules and the rules of the Franklin County Municipal Court empower the court to refer this type of case to a referee, who renders his findings of fact and proposed decision for approval by a judge of the Franklin County Municipal Court. That procedure is proper and constitutional. Assignment of Error five is overruled.

The sixth assignment of error is that defendant's demand for a jury trial was denied. An action to set aside the suspension of a driver's license under R. C. 4511.191 is a special statutory proceeding constituting a matter of civil

jurisdiction unknown at common law prior to the adoption of the Ohio Constitution. The constitutional provision, which preserves inviolate only the rights to a jury trial existing prior to the adoption of the Constitution, has no application here. *Belding* v *State, ex rel. Heifner* (1929), 121 Ohio St. 393.

Where a statute setting forth a new civil right is adopted, the General Assembly may grant a right to jury trial, but need not do so. No such right is contained in this statute and no such right exists. *Bright* v. *Curry* (1973), 35 Ohio Misc. 51.

For the seventh assignment of error, defendant contends that the trial court erred in placing the burden of proof on defendant. R. C. 4511.191 reads, in part, as follows:

"(F) Any person whose license or permit to drive * * * has been suspended under this section, may * * * file a petition * * * alleging error in the action taken by the registrar * * *.

"* * *

"If the court finds from the evidence submitted that such person has failed to show error * * * then the court shall assess the costs of such proceeding against such person and shall impose the suspension provided * * *. If the court finds that such person has shown error * * * the suspension * * * shall not be imposed * * *."

It is clear that the policy of the law reflected clearly within the statute is that the person contending his license has been improperly revoked under the implied consent statute has the burden of proof, by a preponderance of evidence, to show that the state has acted improperly. Placing the burden of proof on plaintiff in a civil action is not unconstitutional. Assignment of Error seven is overruled.

The first assignment of error is sustained and the second, third, fourth, fifth, sixth and seventh assignments of error are overruled. The judgment of the Franklin County Municipal Court is reversed and the case is remanded to that court for further action consistent with this opinion.

*Judgment reversed and cause remanded.*

STRUSBAUGH, P. J., and HOLMES, J., concur.