FRANCIS EDWARD PRICE, JR. v. NORTH CAROLINA DEPARTMENT OF MOTOR VEHICLES

No. 7726SC295

(Filed 20 June 1978)

1. **Automobiles § 126.3— breathalyzer test—reasonable time to confer with attorney—thirty minutes to obtain witness**
       G.S. 15A-501(5) and G.S. 20-16.2(a)(4) give an accused a reasonable time to call an attorney and communicate with him, but G.S. 20-16.2(a)(4) gives an accused only thirty minutes to select a witness, whether an attorney or otherwise, and secure his attendance at the breathalyzer test.

2. **Automobiles § 126.3— breathalyzer test—refusal to take willful**
       Evidence was sufficient to support the trial court's determination that petitioner willfully refused to submit to a breathalyzer test, G.S. 20-16.2,

Price v. Dept. of Motor Vehicles

where petitioner was allowed to call his attorney and talk with him a few minutes after he was asked to submit to a breathalyzer test; after the conversation, petitioner told the officers that his attorney would be there in a few minutes; after three or four minutes petitioner called his attorney again and was told that the attorney would be there in ten minutes; petitioner conveyed this message to the officers; petitioner told the breathalyzer operator that he did not want to take the test until he could speak with his attorney; forty minutes after petitioner arrived at the station he was told that his time was up; ten minutes later, after conferring with his attorney who had arrived at the station, petitioner stated that he wanted to take the test; and the operator refused to give it.

APPEAL by petitioner from *Walker (Ralph A.), Judge*. Judgment entered 24 March 1977 in Superior Court, MECKLENBURG County. Heard in the Court of Appeals 2 February 1978.

On 28 February 1976, petitioner was stopped while operating a motor vehicle on a public highway. He was arrested for driving while under the influence of intoxicating liquor. The arresting officer transported him to the Mecklenburg County jail, arriving there at approximately 2:30 a.m.

At the jail, the officer, in the presence of one qualified to administer the breathalyzer test, requested petitioner to submit to the breathalyzer test. The breathalyzer operator read petitioner G.S. 20-16.2(a)(1), (2), (3) and (4) at 2:39 a.m. At 2:44 a.m. petitioner telephoned his attorney who told him he would get dressed immediately and come to the jail. This telephone conversation lasted for two or three minutes, and at its conclusion, petitioner told the officers that his attorney would be there in just a few minutes. Three or four minutes later the arresting officer told petitioner that his "time was running". Petitioner again telephoned his attorney who told him that he was almost dressed and that he would be there in approximately ten minutes and that he should convey this message to the officers. Petitioner did convey the message he was coming. At 3:10 a.m. the breathalyzer operator told petitioner his time was up. Petitioner told the operator that his attorney was on the way and that he did not want to take the test until he could speak with his attorney. The attorney arrived at 3:15 a.m. and conferred briefly with petitioner. At 3:20 a.m. both petitioner and his attorney requested that the operator administer the test. The operator refused. The court found as a fact that "petitioner was no less intoxicated at 3:20 a.m. when he of-

fered to submit himself to the test than he was at 2:39 a.m. when the G.S. 20-16.2(a)(1), (2), (3) and (4) language was read to him."

Petitioner plead guilty to the charge of operating a motor vehicle on a highway while under the influence of intoxicating liquor on 28 February 1976 and was granted a limited driving privilege. The Division of Motor Vehicles revoked that privilege 21 March 1976 for refusal to submit to the breathalyzer test pursuant to G.S. 20-16.2. On 21 April 1976 an administrative hearing officer upheld that revocation. The revocation order was affirmed by the Superior Court of Mecklenburg County 24 March 1977. From that judgment petitioner appealed.

*Attorney General Edmisten, by Deputy Attorney General Jean A. Benoy, for the respondent appellee.*

*Ruff, Bond, Cobb, Wade and McNair, by James O. Cobb, for the petitioner appellant.*

MORRIS, Judge.

In his brief petitioner raises the question of whether the refusal to submit to a breathalyzer test until one's attorney arrives in person at the site of the test when that refusal delays the test more than 30 minutes amounts to a "willful refusal" under G.S. 20-16.2. Obviously, if one has either a statutory or a constitutional right to await the arrival in person of the attorney, then the facts of this case would not constitute a "willful refusal" under G.S. 20-16.2, and petitioner's driving privilege could not be revoked.

Petitioner advances both statutory arguments and constitutional arguments. Obviously, petitioner's rights under the Constitution of the United States have not been violated. *Schmerber v. California*, 384 U.S. 757, 86 S.Ct. 1826, 16 L.Ed. 2d 908 (1966). Our Supreme Court has upheld the admissibility of evidence obtained under G.S. 20-16.2 against constitutional challenges. *State v. Sykes*, 285 N.C. 202, 203 S.E. 2d 849 (1974).

Petitioner advances two statutory arguments. First, he argues that he substantially complied with G.S. 20-16.2. Next, he argues that if he has not complied with G.S. 20-16.2, then G.S. 20-16.2 and G.S. 15A-501(5) are in conflict and that G.S. 15A-501(5) controls. We will address these arguments in order.

The relevant portions of G.S. 20-16.2 provide that "he [the accused] has the right to call an attorney and select a witness to view for him the testing procedures; but that the test shall not be delayed *for this purpose* for a period in excess of 30 minutes from the time he is notified of his rights." (Emphasis supplied.) G.S. 20-16.2(a)(4). Obviously, there is an ambiguity. The first clause sets out two rights which the petitioner has: (1) the right to call an attorney and (2) the right to select a witness. The second clause says that the test shall not be delayed for more than 30 minutes "*for this purpose*". "This purpose" is clearly *singular*. However, the preceding clause sets out *two rights*. Thus, there is an ambiguity.

Petitioner argues that "this purpose" refers to the right "to call an attorney". Petitioner asserts that one must call an attorney within the 30-minute limit, but that one has a reasonable time of not less than 41 minutes (in this case) within which to select a witness and secure his attendance. We disagree for reasons that will be subsequently set out.

Next, petitioner argues that G.S. 15A-501(5) gives him the right to confer in person with his attorney prior to taking the breathalyzer test and that G.S. 20-16.2 impermissibly restricts that right. G.S. 15A-501 provides in pertinent part that "[u]pon the arrest of a person, . . . a law enforcement officer . . . [m]ust without unnecessary delay advise the person arrested of his right to communicate with counsel . . . and must allow him reasonable time and reasonable opportunity to do so." Petitioner argues that he has a reasonable time to confer in person with counsel prior to the test and that, in this case, 41 minutes was a reasonable time. Again, we must disagree with petitioner's construction.

We acknowledge the ambiguity in G.S. 20-16.2(a)(4) and the potential conflict between G.S. 20-16.2(a)(4) and G.S. 15A-501(5). Because of its ambiguity, G.S. 20-16.2(a)(4) can be interpreted in three ways: (1) We could assume that the legislature chose the wrong language and that the legislature really meant to say "these purposes". Thus, the statute should read "he has the right to call an attorney and select a witness to view for him the testing procedures; but that the test shall not be delayed for *these* purposes for a period in excess of 30 minutes." This interpretation requires rewriting the statute. (2) We might assume, as

the defendant does, that the legislature used the singular (i.e., "this purpose") intentionally and that "this purpose" refers to the right to "call an attorney" and not the right to "select a witness". Thus, an accused would have only 30 minutes to call an attorney. However, an accused would have some other length of time to select a witness. (It is unclear how long.) (3) We might assume that the legislature used the singular (i.e., "this purpose") intentionally and that "this purpose" refers to the right to "select a witness", the phrase closest to it, and not to the right to "call an attorney". Thus, an accused would have a reasonable time (as limited by G.S. 15A-501(5)) to "call an attorney", but would have only 30 minutes to "select a witness". If we use either of the first two possible interpretations, a conflict would exist between G.S. 15A-501(5) and G.S. 20-16.2(a)(4). G.S. 15A-501(5) gives the defendant a "reasonable time" "to communicate with counsel". G.S. 20-16.2(a)(4), under either of the first two interpretations gives the accused only 30 minutes to communicate *regardless* of the circumstances. However, if we adopt the third interpretation of G.S. 20-16.2(a)(4) (i.e., that "this purpose" refers only to the right to "select a witness"), there is no conflict between G.S. 20-16.2(a)(4) and G.S. 15A-501(5).

[1] We believe that these problems can be easily resolved through the application of two rules of statutory construction. (1) When a statute imposes a penalty, it must be strictly construed. *Jones v. Georgia-Pacific Corp.*, 15 N.C. App. 515, 190 S.E. 2d 422 (1972). (2) "[S]tatutes, and all parts thereof, in pari materia should be construed together", and harmonized if possible, and if there be irreconcilable ambiguity, it should be so resolved as to effectuate the intent of the legislature. *Com'r. of Insurance v. Automobile Rate Office*, 287 N.C. 192, 202, 214 S.E. 2d 98, 104 (1975). G.S. 20-16.2 clearly imposes a penalty. Because it does so, we must strictly construe the statute. Thus, we interpret the 30-minute time limitation to refer only to the right to "select a witness", leaving G.S. 15A-501(5) to control the time limitation on the right to "call an attorney" (i.e., a reasonable time). The interpretation compelled by the rules of statutory construction, and the interpretation we now adopt, is that G.S. 15A-501(5) and G.S. 20-16.2(a)(4) give an accused a reasonable time to call an attorney and communicate with him but that G.S. 20-16.2(a)(4) gives an accused only 30 minutes to select a witness and secure his attend-

ance at the breathalyzer test. *See State v. Lloyd*, 33 N.C. App. 370, 235 S.E. 2d 281 (1977).

[2]  We believe that this interpretation of the statutes is supported by common sense and sound policy. Whether the procedure is deemed civil or criminal, most, if not all, persons in the petitioner's situation will desire to speak with their attorney. Indeed, G.S. 20-16.2(a)(4) acknowledges this desire and confers the right to do so. Generally, both the need and the right will be satisfied by a telephone call. G.S. 15A-501(5) speaks in terms of a "right to communicate". Usually, in deciding whether to submit to a breathalyzer test, that right to communicate will be fully accorded to the accused by allowing him to call an attorney on the telephone. Because telephonic communication will generally require only a few minutes, there is no great need for a time limitation. On the other hand, there is a genuine need for a time limit in selecting a witness because a lengthy delay will render the test ineffective. Under all ordinary circumstances, the accused can telephone his attorney and fully communicate with him in a matter of minutes. However, it might frequently take a longer time for the witness, whether it be the lawyer, a doctor, or a friend, to travel to the jail to observe the test. Especially would this be true when the defendant is arrested late at night or in a strange town. Furthermore, to obtain legal advice, the accused needs to talk with an attorney, but anyone (a friend, a companion, or even another person in custody) can function quite well as a witness. If an accused, in addition to communicating with his lawyer, also desires that his lawyer function as a witness at the administration of the breathalyzer test, then the accused must bear the risk that the attorney/witness will not arrive within the 30-minute time limit. In this case, the petitioner took that chance and lost.

The position we take in this case also aligns us with the better reasoned decisions in our sister states. In light of the *Schmerber* decision, courts generally agree, as do we, that there is no right to the presence of counsel at the administration of breathalyzer tests or other similar tests. *See e.g. McDonnell v. Department of Motor Vehicles*, 119 Cal. Reptr. 804, 45 C.A. 3d 653 (1975); *Cogdill v. Department of Public Safety*, 135 Ga. App. 339, 217 S.E. 2d 502 (1975); *Newman v. Hacker*, 530 S.W. 2d 376 (Ky. 1975). In spite of this general rule based upon constitutional

rights, a growing number of states are according the accused a statutory right to a reasonable time in which to call an attorney prior to submitting to the tests. Generally, these decisions rely on statutes or court rules analogous to our G.S. 15A-501(5). This right to counsel has been imposed upon the implied consent statute even where the implied consent statute, unlike the North Carolina statute, has no express right to counsel. *See Prideaux v. Department of Public Safety*, 247 N.W. 2d 385 (Minn. 1976); *Raine v. Curry*, 45 Ohio App. 2d 155, 341 N.E. 2d 606 (1975); *Hunter v. Dorius*, 23 Utah 2d 122, 458 P. 2d 877 (1969). We note, however, that these decisions do not grant the right to have counsel physically present to function as a witness at the administration of the test.

For sound policy reasons as well as because of our rules governing statutory construction, we hold that although an accused has a reasonable time to communicate with counsel, he cannot delay the breathalyzer test for more than 30 minutes in waiting for his witness to arrive. The record in this case contains nothing which indicates that defendant did not have ample opportunity to communicate with counsel while he was on the telephone with him. Thus, petitioner's right to "call an attorney" was satisfied. Petitioner, in this case, had no right to delay the test in excess of 30 minutes while awaiting the arrival of his attorney. His declination to submit to the test was, therefore, a willful refusal under G.S. 20-16.2. *Creech v. Alexander*, 32 N.C. App. 139, 231 S.E. 2d 36, *cert. denied* 293 N.C. 589, 239 S.E. 2d 263 (1977).

For these reasons, the decision of the trial court in upholding the revocation of petitioner's driving privilege is

Affirmed.

Judges CLARK and MITCHELL concur.