CHRIS JOHN PAPPAS, Petitioner v. NORTH CAROLINA DEPARTMENT OF MOTOR VEHICLES, Respondent

No. 7826SC665

(Filed 31 July 1979)

**Automobiles § 126.3— breathalyzer test—time of administration**
    G.S. 20-16.2 does not require that a breathalyzer test be administered within thirty minutes of the time a person's rights are read to him.

APPEAL by respondent from *Griffin, Judge.* Judgment entered 16 May 1978 in Superior Court, MECKLENBURG County. Heard in the Court of Appeals 4 April 1979.

This is an action for judicial review of the revocation of petitioner's driver's license. At a hearing on the petition, J. D. Klutz, a member of the North Carolina Highway Patrol, testified that on 23 December 1977 at about 7:45 p.m. he investigated an accident on I-77 in Mecklenburg County. The petitioner told him he had been driving the automobile involved in the accident. Mr. Klutz testified further that petitioner had a strong odor of alcohol on his breath, was very unsteady on his feet, and talked with a thick tongue. Mr. Klutz formed an opinion that petitioner was under the influence of alcohol and placed the petitioner under arrest for operating a vehicle on a public highway under the influence of an intoxicating beverage. Mr. Klutz carried petitioner to the Mecklenburg County Jail, introduced him to John Smith, a licensed breathalyzer operator and requested that petitioner take the breathalyzer test. John Smith testified that he advised petitioner of his rights in regard to the breathalyzer test and that petitioner told him he wanted to make a telephone call. Petitioner called his attorney and Mr. Smith waited thirty-five minutes and then offered the breathalyzer test to petitioner. Petitioner refused to take the test stating that his attorney was on the way to the Mecklenburg County Jail. Mr. Smith testified he told the petitioner he was "marking it as a refusal" to take the test.

The petitioner testified that he never told Mr. Smith he was waiting for an attorney and he did not refuse to take the test; that he first learned he had refused to take the test when he was at the front desk, and he then told Mr. Smith that his time had not expired and he wanted to take the breathalyzer test. At the

conclusion of the evidence, the court asked the court reporter to read back the last question asked of Mr. Smith. The following colloquy then took place:

> "Q. 'So do I understand you to say that you did not offer him the test until after his time had expired?
>
> A. I offered him the test after it expired.'
>
> COURT: Well, it's a technicality, but draw your order, Mr. Whitley."

The court entered an order in which it found as a fact that Deputy Sheriff John W. Smith testified he did not offer the breathalyzer test to petitioner until after the time had expired for administering the test and that Mr. Smith further testified the petitioner refused to submit to the breathalyzer test. The court ordered the Department of Motor Vehicles not to revoke petitioner's license.

*Attorney General Edmisten, by Deputy Attorney General Jean A. Benoy, for respondent appellant North Carolina Department of Motor Vehicles.*

*No counsel for petitioner appellee.*

WEBB, Judge.

We reverse the superior court for the reason we believe the court was governed by a misapprehension of the law. We infer from the statement of the court that it believed that a breathalyzer test has to be administered within thirty minutes of the time a person is advised of his rights in regard to taking the test. The court found as a fact that petitioner was not offered the test until after the time for administering it had expired. G.S. 20-16.2 provides in part:

> (a) . . . The person arrested shall forthwith be taken before a person authorized to administer a chemical test and this person shall inform the person arrested both verbally and in writing . . .

> \*     \*     \*

> (4) That he has the right to call an attorney and select a witness to view for him the testing procedures; but

that the test shall not be delayed for this purpose for a period in excess of 30 minutes from the time he is notified of his rights.

This statute was interpreted in *Price v. North Carolina Department of Motor Vehicles*, 36 N.C. App. 698, 245 S.E. 2d 518, *appeal dismissed*, 295 N.C. 551 (1978) to mean that a person offered a breathalyzer test has thirty minutes to select a witness to the test and a reasonable time to call an attorney and communicate with him. The statute does not require that the breathalyzer test be administered within thirty minutes of the time a person's rights are read to him. *Creech v. Alexander*, 32 N.C. App. 139, 231 S.E. 2d 36, *cert. denied*, 293 N.C. 589 (1977). From the statement by the court and the finding of fact, we conclude this was its understanding of the law. Since the court decided the case under a misapprehension of the law, it must be reversed. *Helms v. Rea*, 282 N.C. 610, 194 S.E. 2d 1 (1973).

Since other errors assigned may not recur, we do not discuss them.

Reversed and remanded.

Judges MARTIN (Robert M.) and MITCHELL concur.