[Cite as *State v. Mets*, 2023-Ohio-710.]

COURT OF APPEALS
FAIRFIELD COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. John W. Wise P.J. |
| Plaintiff-Appellee | Hon. Patricia A. Delaney, J.<br>Hon. Craig R. Baldwin, J. |
| -vs- | |
| | Case No. 2022 CA 21 |
| TAYLOR G. METS | |
| Defendant-Appellant | O P I N I O N |


CHARACTER OF PROCEEDING:     Criminal Appeal from the Municipal Court, Case No. TRC 2107886


JUDGMENT:     Affirmed


DATE OF JUDGMENT ENTRY:     March 8, 2023


APPEARANCES:

For Plaintiff-Appellee

DAVID KLEMP
CITY OF LANCASTER LAW DIRECTOR
136 West Main Street
Lancaster, Ohio 43130

For Defendant-Appellant

AARON CONRAD
CONRAD/WOOD
120 East Main Street, Suite 200
Lancaster, Ohio 43130

*Wise, P. J.*

**{¶1}** Appellant Taylor G. Mets appeals his conviction and sentence entered in the Fairfield County Municipal Court. Appellee is State of Ohio. The relevant facts leading to this appeal are as follows.

**STATEMENT OF THE FACTS AND CASE**

**{¶2}** On November 27, 2021, Appellant was charged with Driving While Under the Influence of Alcohol or Drugs, in violation of R.C. §4911.19(A)(1)(a).

**{¶3}** On December 10, 2021, Appellant filed a Motion to Suppress evidence as the State failed to show that the Horizontal Gaze Nystagmus test and remaining field sobriety tests were administered in compliance with National Highway Traffic and Safety Administration ("NHTSA") standards.

**{¶4}** On March 4, 2022, the trial court held a hearing on Appellant's Motion to Suppress. At the hearing, Trooper Tawanna Young testified she was on patrol on November 27, 2021. On that evening, Trooper Young stopped a vehicle driven by Appellant for failing to use his turn signal in Fairfield County.

**{¶5}** As Trooper Young introduced herself, she smelled an odor of alcohol coming from inside the vehicle. When asked, Appellant denied drinking alcohol. Appellant had glassy and bloodshot eyes, and his speech was slurred. She then removed Appellant from the vehicle to perform field sobriety tests.

**{¶6}** First, Trooper Young administered the Horizontal Gaze Nystagmus test. For the lack of smooth pursuit portion of the test, Trooper Young testified that she checked to see whether the subject's eyes roll smoothly. She brought the stimulus out and held for two seconds then brought it back. For the onset of nystagmus before 45 degrees portion

of the test, Trooper Young testified she observed Appellant's eyes involuntarily jerk prior to 45 degrees. Trooper Young observed six out of six clues of intoxication during the Horizontal Gaze Nystagmus test.

{¶7} Next, Trooper Young proceeded to the walk and turn test. The administration of the walk and turn test was not conducted on a flat surface, but it was slightly slanted. She did not observe anything in the street which would have impaired Appellant's ability to complete the test properly. She did not instruct Appellant to keep his arms at his side while he was walking, to watch his feet at all times, and not to stop walking until the test was completed. Appellant exhibited three out of eight clues of impairment.

{¶8} Finally, Trooper Young administered the one leg stand test. This test was conducted on a slightly slanted area. Trooper Young noted three out of four clues of impairment.

{¶9} On April 28, 2022, the trial court denied Appellant's Motion to Suppress.

{¶10} On May 5, 2022, the matter proceeded to trial. After the presentation of evidence, a jury found Appellant guilty.

{¶11} On May 25, 2022, the trial court sentenced Appellant to 180 days in jail, with 170 days suspended.

## ASSIGNMENTS OF ERROR

{¶12} Appellant filed a timely notice of appeal. He herein raises the following four Assignments of Error:

{¶13} "I. THE TRIAL COURT ERRED IN OVERRULING DEFENDANT'S MOTION TO SUPPRESS.

**{¶14}** "II. THE TRIAL COURT ERRED BY NOT ALLOWING EVIDENCE THAT DEFENDANT REQUESTED A BLOOD TEST.

**{¶15}** "III. THE TRIAL COURT ERRED BY NOT ALLOWING DEFENDANT TO QUESTION TROOPER YOUNG ABOUT CERTAIN ASPECTS OF HER EMPLOYMENT HISTORY.

**{¶16}** "IV. THE TRIAL COURT ERRED BY NOT ALLOWING DEFENDANT TO QUESTION TROOPER YOUNG ABOUT THE RELIABILITY OF THE FIELD SOBRIETY TESTS SHE ADMINISTERED."

**I.**

**{¶17}** In Appellant's first Assignment of Error, Appellant argues the trial court erred in failing to suppress evidence as Trooper Young impermissibly extended the traffic stop to conduct field sobriety tests, that the field sobriety tests were not conducted in substantial compliance with NHTSA, and lacked probable cause to arrest Appellant. We disagree.

**{¶18}** The Fourth Amendment to the United States Constitution and Section 14, Article I, Ohio Constitution, prohibit the government from conducting unreasonable searches and seizures of persons or their property. *See Terry v. Ohio* (1968), 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889; *State v. Andrews*, 57 Ohio St.3d 86, 87, 565 N.E.2d 1271 (1991).

**{¶19}** Appellate review of a motion to suppress is a mixed question of law and fact. *State v. Burnside*, 100 Ohio St.3d 152, 2003-Ohio-5372, 797 N.E.2d 71, ¶8. During a suppression hearing, the trial court assumes the role of trier of fact and, as such, is in the best position to resolve questions of fact and to evaluate witness credibility. *State v.*

*Brooks*, 75 Ohio St.3d 148, 154, 1996-Ohio-134, 661 N.E.2d 1030. A reviewing court is bound to accept the trial court's findings of fact if they are supported by competent, credible evidence. *State v. Medcalf*, 111 Ohio App.3d 142,145, 675 N.E.2d 1268 (4th Dist.1996). Accepting these facts as true, the appellate court must independently determine as a matter of law, without deference to the trial court's conclusions, whether the trial court's decision meets the applicable legal standard. *State v. Williams*, 86 Ohio App.3d 37, 41, 619 N.E.2d 1141 (4th Dist.1993), *overruled on other grounds*, *State v. Gunther*, 4th Dist. Pickaway No. 04CA25, 2005-Ohio-3492, ¶16.

{¶20} Three methods exist to challenge a trial court's ruling on a motion to suppress. First, an appellant may challenge the trial court's findings of facts. *State v. Fanning*, 1 Ohio St.3d 19, 20, 437 N.E.2d 583 (1982). "A reviewing court is bound to accept those findings of fact if supported by competent, credible evidence." *State v. Curry*, 95 Ohio App.3d 93, 96, 641 N.E.2d 1172 (8th Dist.1994). Second, an appellant may argue the trial court failed to apply the appropriate test or correct law to the findings of fact. In that case, the appellate court can reverse the trial court for committing an error of law. *Williams* at 41. Third, an appellant may argue the trial court incorrectly decided the ultimate issue raised in the motion to suppress. When addressing the third type of challenge, an appellate court must independently determine, without deference to the trial court's conclusion, whether the facts meet the appropriate legal standard in the given case (Citation omitted). *Curry* at 96.

**Impermissible Delay of Traffic Stop**

{¶21} First, Appellant argues the trial court erred by not finding Trooper Young impermissibly extended the traffic stop to administer Field Sobriety Tests to Appellant.

{¶22} A request made of a validly detained motorist to perform field sobriety tests is generally outside the scope of the original stop, and must be separately justified by other specific and articulable facts showing a reasonable basis for the request. *State v. Albaugh*, 5th Dist. Tuscarawas No. 2014 AP 11 0049, 2015-Ohio-3536, ¶18, quoting *State v. Anez* (2000), 108 Ohio Misc.2d 18, 26-27, 738 N.E.2d 491. Although requiring a driver to submit to a field sobriety test constitutes a seizure within the meaning of the Fourth Amendment, courts have generally held that the intrusion on the driver's liberty resulting from a field sobriety test is minor, and the officer therefore need only have reasonable suspicion that the driver is under the influence of alcohol in order to conduct a field sobriety test. *See State v. Bright*, 5th Dist. Guernsey No. 2009-CA-28, 2010-Ohio-1111, ¶17, citing *State v. Knox* 2nd Dist. Greene No. 2005-CA-74, 2006-Ohio-3039. In reviewing this issue, we apply a "totality of the circumstances" approach. *See, e.g., City of Fairfield v. Lucking*, Butler App. No. CA2002-12-303, 2004-Ohio-90, ¶8, citing *State v. Freeman*, 64 Ohio St.2d 291, 414 N.E.2d 1044. "Where a non-investigatory stop is initiated and the odor of alcohol is combined with glassy or bloodshot eyes and further indicia of intoxication, such as an admission of having consumed alcohol, reasonable suspicion exists." *State v. Hall*, 5th Dist. Stark No. 2015 CA 00213, 2016-Ohio-5787, 70 N.E.3d 1154, ¶24.

{¶23} In the case *sub judice* Appellant was stopped for turning without using a turn signal during Trooper Young's 10:00 p.m. to 6:00 a.m. shift. Trooper Young also observed Appellant's vehicle stop past the stop bar. Upon approaching Appellant's vehicle, Trooper Young smelled a strong odor of alcohol from his vehicle. Appellant's speech was slow and slurred, and his eyes were glassy and bloodshot. After denying he

had been drinking, Appellant said he was driving home, but would not state from where he was coming.

**{¶24}** Based upon the totality of the circumstances, we find Trooper Young "relied upon specific, articulable facts giving rise to a reasonable suspicion Appellant was driving under the influence, that an extension of the initial detention for the performance of field sobriety testing was justified, and the ruling of the trial court was correct." *State v. Reece*, 5th Dist. Delaware No. 17 CAC 03 0019, 2018-Ohio-150, ¶17.

### Substantial Compliance with NHTSA Guidelines when Administering the Horizontal Gaze Nystagmus test

**{¶25}** R.C. §4511.19(D)(4)(b) provides:

In any criminal prosecution * * * for a violation of division (A) or (B) of this section * * * if a law enforcement officer has administered a field sobriety test to the operator of the vehicle involved in the violation and if it is shown by clear and convincing evidence that the officer administered the test in substantial compliance with the testing standards for any reliable, credible, and generally accepted field sobriety tests that were in effect at the time the tests were administered, including, but not limited to any testing standards then in effect that were set by the national highway safety administration, all of the following apply:

(i)    The officer may testify concerning the results of the field sobriety test so administered.

(ii)    The prosecution may introduce the results of the field sobriety test so administered as evidence in any proceedings in the criminal prosecution.

\* \* \*

(iii)      \*\*\*[I]f the testimony or evidence is admissible under the Rules of Evidence, the court shall admit the testimony or evidence and the trier of fact shall give it whatever weight the trier of fact considers to be appropriate.

**{¶26}**  In order for the results of the field sobriety tests to be admissible at trial, the state must show by clear and convincing evidence that the officer administered the test in substantial compliance with NHTSA guidelines. *State v. Codeluppi*, 139 Ohio St.3d 165, 2014-Ohio-1574, 10 N.E.3d 691, ¶11. Part of the state's burden "includes demonstrating what the NHTSA requirements are, through competent testimony and/or by introducing the applicable portions of the NHTSA manual." *State v. Vales*, 5th Dist. No. 2019CA00061, 2020-Ohio-245, 143 N.E.3d 577, ¶29; quoting *State v. Djisheff*, 11th Dist. Trumbull No 2005-T-0001, 2006-Ohio-6201.

**{¶27}**  Trooper Young testified she conducts the Horizontal Gaze Nystagmus test based off the training she received from the NHTSA manual, how to conduct the test within the NHTSA standards, and how she conducted the test on Appellant. Trooper Young conducts this test every night.

**{¶28}**  Appellant argues Trooper Young did not substantially comply with the NHTSA manual because while checking for smooth pursuit she held the stimulus at the same spot for a couple of seconds instead of taking the stimulus slowly out and back, during the maximum deviation she only held the stimulus still for two seconds instead of four seconds, and while checking for nystagmus prior to 45 degrees, Trooper Young took the stimulus out to Appellant's shoulder and held for four seconds instead of measuring out 45 degrees.

{¶29} With regard to Trooper Young checking for smooth pursuit, she testified she conducts the test in substantial compliance with NHTSA manual standards, she brings the stimulus out for two seconds, held it out for two seconds, and then brought it back in for two seconds. "[T]he timing required to complete the various elements with respect to both eyes of the HGN test as set forth in the NHTSA manual are approximate." *State v. Scott*, 5th Dist. Fairfield No. 2020 CA 00015, 2021-Ohio-156, ¶28. Finally, Appellant does not support the claim that the manner in which the test was performed was not in substantial compliance with NHTSA standards with case law.

{¶30} With regard to the maximum deviation test, Appellant does not cite to the suppression hearing transcript with regards to his suggestion of non-substantial compliance with the NHTSA manual. Trooper Young testified at the suppression hearing she takes the stimulus out, holds for four seconds, and brings the stimulus back in. Then repeats for the other eye.

{¶31} With regard to the onset of nystagmus before 45 degrees portion of the test substantial compliance with NHTSA standards with case law, Trooper Young testified she was trained to take the stimulus out to subject's shoulder and hold it for four seconds. The manual states that officers should observe jerking prior to 45 degrees. Trooper Young testified that she observed Appellant's eyes jerking prior to the 45-degree mark. In fact, the involuntary jerking was such a good example, Trooper Young called her supervisor to bring a cadet trainee to the scene to observe.

{¶32} Accordingly, we find Appellee satisfied its burden of showing substantial compliance with the NHTSA standards, and the trial court's ruling with respect to the Horizontal Gaze Nystagmus test was supported by the record.

**Substantial Compliance with NHTSA Guidelines when Administering the Walk and Turn Test**

**{¶33}** Again, R.C. ¶4511.19(D)(4)(b) provides:

In any criminal prosecution * * * for a violation of division (A) or (B) of this section * * * if a law enforcement officer has administered a field sobriety test to the operator of the vehicle involved in the violation and if it is shown by clear and convincing evidence that the officer administered the test in substantial compliance with the testing standards for any reliable, credible, and generally accepted field sobriety tests that were in effect at the time the tests were administered, including, but not limited to any testing standards then in effect that were set by the national highway safety administration, all of the following apply:

(i)      The officer may testify concerning the results of the field sobriety test so administered.

(ii)     The prosecution may introduce the results of the field sobriety test so administered as evidence in any proceedings in the criminal prosecution.

* * *

(iii)    ***[I]f the testimony or evidence is admissible under the Rules of Evidence, the court shall admit the testimony or evidence and the trier of fact shall give it whatever weight the trier of fact considers to be appropriate.

**{¶34}** In order for the results of the field sobriety tests to be admissible at trial, the state must show by clear and convincing evidence that the officer administered the test in substantial compliance with NHTSA guidelines. *Codeluppi* at ¶11. Part of the state's

burden "includes demonstrating what the NHTSA requirements are, through competent testimony and/or by introducing the applicable portions of the NHTSA manual." *Vales* at ¶29.

**{¶35}** Trooper Young testified that before the test, she asked Appellant if he had any medical problems with his legs, back, or feet that would affect his ability to perform the test. Appellant did not indicate and Trooper Young did not observe any issues. Trooper Young administered the test on a mostly level surface, which Trooper Young believed would not hinder Appellant's ability to complete the test. Trooper Young was able to complete the test without problem and did not observe anything on the street which would impair Appellant's ability. While Trooper Young did not instruct Appellant to keep his arms at his side, eyes on his feet, and not to stop walking once he started, Trooper Young did not indicate any indicia of impairment related to any of these instructions. As such, Trooper Young administered the walk and turn test in substantial compliance with NHTSA standards.

### Substantial Compliance with NHTSA Guidelines when Administering the One Leg Stand test

**{¶36}** Again, R.C. §4511.19(D)(4)(b) provides:

In any criminal prosecution * * * for a violation of division (A) or (B) of this section * * * if a law enforcement officer has administered a field sobriety test to the operator of the vehicle involved in the violation and if it is shown by clear and convincing evidence that the officer administered the test in substantial compliance with the testing standards for any reliable, credible, and generally accepted field sobriety tests that were in effect at the time the tests were administered, including, but not limited to any testing standards

then in effect that were set by the national highway safety administration, all of the following apply:

(i)        The officer may testify concerning the results of the field sobriety test so administered.

(ii)       The prosecution may introduce the results of the field sobriety test so administered as evidence in any proceedings in the criminal prosecution.

* * *

(iii)      ***[I]f the testimony or evidence is admissible under the Rules of Evidence, the court shall admit the testimony or evidence and the trier of fact shall give it whatever weight the trier of fact considers to be appropriate.

{¶37}  In order for the results of the field sobriety tests to be admissible at trial, the state must show by clear and convincing evidence that the officer administered the test in substantial compliance with NHTSA guidelines. *Codeluppi* at ¶11. Part of the state's burden "includes demonstrating what the NHTSA requirements are, through competent testimony and/or by introducing the applicable portions of the NHTSA manual." *Vales* at ¶29.

{¶38}  Trooper Young testified that before the test, she asked Appellant if he had any medical problems with his legs, back, or feet that would affect his ability to perform the test. Appellant did not indicate and Trooper Young did not observe any issues. Trooper Young administered the one leg stand test on a mostly level surface, which Trooper Young believed would not hinder Appellant's ability to complete the one leg stand

test. However, Trooper Young did not instruct Appellant to keep his arms at his side, and she marked this as indicium of intoxication.

**{¶39}** However, Crim.R. 52(A) defines harmless error as "[a]ny defect, irregularity, or variance which does not affect substantial rights shall be disregarded." Before error can be considered harmless, we must be able to "declare a belief that it was harmless beyond a reasonable doubt." *Chapman v. California*, 386 U.S. 18, 24, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967). Where no reasonable possibility exists that the unlawful testimony contributed to a conviction, the error is harmless and therefore will not be grounds for reversal. *State v. Lytle*, 48 Ohio St.2d 391, 358 N.E.2d 623 (1976), paragraph three of the syllabus, vacated on other grounds in *Lytle v. Ohio*, 438 U.S. 910, 98 S.Ct. 3135, 57 L.Ed.2d 1154 (1978).

**{¶40}** Therefore, even if the trial court erred in suppressing this specific indicium of intoxication from the one leg stand test, it was harmless as Trooper Young substantially complied with NHTSA standards for the Horizontal Gaze Nystagmus test and walk and turn test, Trooper Young observed the odor of alcohol coming from inside the vehicle, Appellant had glassy/bloodshot eyes, and Appellant's speech was slow and slurred, giving Trooper Young probable cause to arrest Appellant.

### Whether Trooper Young had Probable Cause to Arrest Defendant

**{¶41}** Appellant argues if this Court were to suppress the results of the HGN, Walk and Turn test, and One Leg Stand test, not enough evidence was presented to show probable cause for the Arrest of Appellant. However, we have found the trial court did not err in admitting the results of the HGN test and Walk and Turn test into evidence.

**{¶42}** A police officer has probable cause for an arrest if the facts and circumstances within her knowledge are sufficient to cause a reasonably prudent person to believe that the defendant has committed the offense. *State v. Cummings*, 5th Dist. Stark No. 2005-CA-00295, 2006-Ohio-2431, ¶15, citing *State v. Heston*, 29 Ohio St.2d 152, 280 N.E.2d 376 (1972). In making this determination, the trial court must examine the totality of facts and circumstances surrounding the arrest. *See State v. Miller*, 117 Ohio App.3d 750, 761, 691 N.E.2d 703 (11th Dist.1997); *State v. Brandenburg*, 41 Ohio App.3d 109, 111, 534 N.E.2d 906 (2nd Dist.1987).

**{¶43}** In the case *sub judice*, Trooper Young testified Appellant was stopped for turning his vehicle without engaging his turn signal, a strong odor of alcohol was emanating from within the vehicle, of which he was the only person therein, his eyes were bloodshot and glassy, and his speech was slow and slurred. Appellant showed six out of six obvious clues of intoxication on the Horizontal Gaze Nystagmus test, three out of eight clues on the Walk and Turn test, and failed to recite the alphabet correctly when instructed by Trooper Young.

**{¶44}** Accordingly, Appellant's first Assignment of Error is overruled.

**II.**

**{¶45}** In Appellant's second Assignment of Error, Appellant argues the trial court erred by not admitting evidence that Defendant requested a blood test. We disagree.

**{¶46}** "Ordinarily, a trial court is vested with broad discretion in determining the admissibility of evidence in any particular case, so long as such discretion is exercised in line with the rules of procedure and evidence." *Rigby v. Lake County*, 58 Ohio St.3d 269, 271, 569 N.E.2d 1056 (1991). The appellate court must limit its review of the trial court's

admission or exclusion of evidence to whether the trial court abused its discretion. *Id.* The abuse of discretion standard is more than an error of judgment; it implies the court ruled arbitrarily, unreasonably, or unconscionably. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 450 N.E.2d 1140 (1983).

**{¶47}** Evid.R. 401 states, " '[r]elevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."

**{¶48}** R.C. §4511.191(A)(3), in pertinent part, states, "[t]he law enforcement agency by which the officer is employed shall designate which of the tests shall be administered."

**{¶49}** R.C. §4511.19(D)(1)(c)(3), in pertinent part, states, "the person tested may have a physician, a registered nurse, or a qualified technician, chemist, or phlebotomist of the person's own choosing administer a chemical test or tests, at the persons expense, in addition to any administered at the request of law enforcement[.]"

**{¶50}** Appellant does not have a right to choose the type of chemical test available. *Mt. Vernon v. Seng*, 5th Dist. Knox No. 04CA000012, 2005-Ohio-2915, ¶46. "He could refuse to take the breathalyzer test and face possible suspension of his license or take such test and have his blood also tested subsequently at his expense. *Id.*

**{¶51}** In the case *sub judice*, Appellant refused to take the breathalyzer test, but instead offered to be driven to the hospital to take a blood test. A refusal by a defendant by requesting the use of a different test "constitutes a refusal to take the designated test. *Raine v. Curry*, 45 Ohio App.2d 155, 160-161, 341 N.E.2d 606 (10th Dist.1975). Therefore,

the fact that he offered to take a different test is not relevant to whether or not he refused the test offered by law enforcement.

**{¶52}** Appellant's second Assignment of Error is overruled.

### III.

**{¶53}** In Appellant's third Assignment of Error, Appellant argues the trial court erred by not allowing Appellant to question Trooper Young about certain aspects of her employment. We disagree.

**{¶54}** Again, "Ordinarily, a trial court is vested with broad discretion in determining the admissibility of evidence in any particular case, so long as such discretion is exercised in line with the rules of procedure and evidence." *Rigby v. Lake County*, 58 Ohio St.3d 269, 271, 569 N.E.2d 1056 (1991). The appellate court must limit its review of the trial court's admission or exclusion of evidence to whether the trial court abused its discretion. *Id.* The abuse of discretion standard is more than an error of judgment; it implies the court ruled arbitrarily, unreasonably, or unconscionably. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 450 N.E.2d 1140 (1983).

**{¶55}** Evid.R. 608(B) states:

> **Specific Instances of Conduct.** Specific instances of the conduct of a witness, for the purpose of attacking or supporting the witness's character for truthfulness, other than conviction of crime as provided in Evid.R. 609, may not be proved by extrinsic evidence. They may, however, in the discretion of the court, if clearly probative of truthfulness, be inquired into on cross-examination of the witness (1) concerning the witness's character for truthfulness or untruthfulness, or (2) concerning the character

for truthfulness or untruthfulness of another witness as to which character

the witness being cross-examined has testified.

**{¶56}** Appellant was prevented from questioning Trooper Young regarding her sanctions for being discourteous during a traffic stop and making an inappropriate comment in the workplace. The Supreme Court of Ohio stated, "The meaning of this rule is very clear. * * *[A] witness' credibility may not be impeached by extrinsic proof of specific instances of his conduct. Such conduct may be inquired into only by the intrinsic means of cross-examination within the guidelines set forth in Evid.R. 608(B)." *State v. Kamel*, 12 Ohio St.3d 306, 311, 466 N.E.2d 860, 865 (1984). As neither of the incidents were probative of Trooper Young's truthfulness or untruthfulness, the trial court appropriately disallowed Appellant's questions.

**{¶57}** Appellant's third Assignment of Error is overruled.

**IV.**

**{¶58}** In Appellant's fourth Assignment of Error, Appellant argues the trial court erred by not allowing Appellant to question Trooper Young on the reliability of the field sobriety tests. We disagree.

**{¶59}** Again, "Ordinarily, a trial court is vested with broad discretion in determining the admissibility of evidence in any particular case, so long as such discretion is exercised in line with the rules of procedure and evidence." *Rigby v. Lake County*, 58 Ohio St.3d 269, 271, 569 N.E.2d 1056 (1991). The appellate court must limit its review of the trial court's admission or exclusion of evidence to whether the trial court abused its discretion. *Id.* The abuse of discretion standard is more than an error of judgment; it implies the court

ruled arbitrarily, unreasonably, or unconscionably. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 450 N.E.2d 1140 (1983).

{¶60} Appellant argues the trial court erred by not allowing Appellant to question Trooper Young as to the reliability of the field sobriety tests. Appellant cites to the Trial Transcript on pages 188 and 189. However, upon our review the transcript reveals the trial court would not allow Appellant to argue Trooper Young's administration of the field sobriety tests must be in strict compliance with the NHTSA manual. The trial court said, "You cannot argue strict compliance because that's not the law in Ohio. I'm not saying you can't ask her about how she performed her tests[.]" Trial Transcript p. 189. The law in Ohio is law enforcement must administer the field sobriety tests in substantial compliance with the NHTSA manual. *Codeluppi* at ¶11.

{¶61} Appellant's fourth Assignment of Error is overruled.

{¶62} For the foregoing reasons, the judgment of the Municipal Court of Fairfield County, Ohio, is hereby, affirmed.

By: Wise, P. J.

Delaney, J., and

Baldwin, J., concur.

JWW/br 0301