STATE OF WEST VIRGINIA

*v.*

DALE BRYAN BERRY

(No. 14128)

Decided November 18, 1980.

*Askin & Burke and Steven M. Askin,* for plaintiff in error.

*Chauncey H. Browning,* Attorney General, *Marianne K. Hoover,* Assistant Attorney General, for defendant in error.

PER CURIAM:

This is an appeal by Dale Bryan Berry from the suspension of his driver's license by the Commissioner of the Department of Motor Vehicles, and the affirmation of that suspension by the Circuit Court of Berkeley County. The suspension was based on the failure of appellant to submit to a breathalyzer test pursuant to the provisions of W.Va. *Code,* 17C-5A-1 *et seq.* The principal contention in this Court is that appellant to the Sixth Amendment to the United States Constitution and Article III, § 14 of the West Virginia Constitution, in that the court found that he had refused to submit to a breathalyzer test because he requested to consult with an attorney before doing so. We disagree and affirm the judgment of the circuit court.

At approximately 12:25 a.m. on Saturday, June 26, 1976, the appellant was stopped by two state police troopers while driving south on U.S. Route 340 about two miles from Charles Town, West Virginia. One of the officers, Trooper Casto, observed that the appellant smelled of alcohol, was very unstable, and when asked for his registration and operator's license, proceeded to get out of his vehicle, but staggered and dropped his license.

The appellant was then placed under arrest and given his *Miranda* rights. According to Trooper Casto's testimony, he was also given an explanation of the Implied

Consent Law at least twice and was specifically advised that if he refused to take the breathalyzer test the Department of Motor Vehicles would revoke his license for a period of six months, regardless of whether he was found innocent or guilty of driving under the influence of alcohol.

The appellant refused to take the breathalyzer test until after he had consulted with an attorney; he was then transported to the Jefferson County Jail and incarcerated there. Trooper Casto also testified that once at the jail, the appellant was given an opportunity to telephone his attorney but declined to do so.

The appellant's version of what occurred on the night of his arrest differs slightly. He testified that he never refused to take the breathalyzer test but did say that he wanted to consult with his lawyer "to see if I was legally responsible or if I actually had to take it, if I would lose my driver's license." The appellant added that he "specifically asked to make a phone call and was refused."

Initially we note that this case arises in the context of an administrative proceeding as opposed to a criminal one. We recently discussed in *Jordan v. Roberts*, 161 W.Va. 750, 246 S.E.2d 259 (1978) the constitutionality of *W.Va. Code*, 17C-5A-1 *et seq.* which provides the authority for the Commissioner of Motor Vehicles to suspend a driver's license. We distinguished those administrative procedures from a criminal proceedings:

> There is a clear statutory demarcation between the administrative issue on a suspension and the criminal issue on a charge of driving while under the influence. Since the implied consent law permits suspension of a license on a refusal to take the test, the driver may be found not guilty on the criminal charge of driving while under the influence of intoxicating liquor. [*Id.* at 757, 246 S.E.2d at 263]

In disposing of appellant Jordan's argument that he was entitled to have the advice of counsel before deciding whether to consent to a breathalyzer test, we em-

phasized the administrative nature of the suspension process and held that one is not entitled to consult with counsel before deciding whether to submit to the test, when the issue arrises in a purely administrative setting.

We declined, in *Jordan,* to discuss the "constitutional ramifications of the implied consent law as it interplays on a criminal proceeding for driving while under the influence of intoxicating liquor," and added, "[t]here will no doubt be a further opportunity to explore this issue when an appeal from such criminal conviction is properly before us." *Id.* at 758, 246 S.E.2d at 263.

We are faced with precisely the same issue as in *Jordan.* There is no criminal appeal before us; appellant Berry is appealing the administrative suspension of his license and in that context cannot complain that his rights were violated because he was not given an opportunity to telephone his lawyer before deciding whether to consent to a breathalyzer test.

Although appellant contends that his request for a lawyer was not a refusal to take the test, we held otherwise in *Jordan:*

> On the issue of whether there was a refusal to take the test, the general rule appears to be that where the request is made to take the test and the licensee by his conduct or words manifests a reluctance to take the test or qualifies his assent to take the test on factors that are extraneous to the procedures surrounding the test, proof of refusal is sufficiently established. [Citations omitted] [*Id.* at 759, 246 S.E.2d at 264]

For the foregoing reasons, the judgment of the Circuit Court of Berkeley County is affirmed.

*Affirmed.*