**Robert D. WHISENHUNT, Appellant,**

v.

**STATE of Alaska, DEPARTMENT OF PUBLIC SAFETY, DIVISION OF MOTOR VEHICLES, Appellee.**

**S–1467.**

Supreme Court of Alaska.

Dec. 4, 1987.

William K. Walker, Anchorage, for appellant.

Teresa Williams, Asst. Atty. Gen., Grace Berg Schaible, Atty. Gen., Juneau, for appellee.

OPINION

Before RABINOWITZ, C.J., and BURKE, MATTHEWS, COMPTON and MOORE, JJ.

MATTHEWS, Justice.

In *Copelin v. State*, 659 P.2d 1206 (Alaska 1983), we held that a person arrested for operating a motor vehicle while intoxicated has a right to consult a lawyer before being required to decide whether to submit to a breathalyzer test. We also held that if this right is violated then the test results should be suppressed in an ensuing criminal prosecution.[1] The question here is whether the result of a test secured in violation of the right to counsel should be excluded in a civil license revocation proceeding. We answer this question in the affirmative and reverse the superior court's determination that the revocation of appellant's driver's license was lawful.[2]

 The right to counsel recognized in *Copelin* is based on AS 12.25.150(b)[3] and

1. Where the right is violated and no test is taken, *Copelin* holds that evidence of the refusal to submit should also be suppressed. *Id.* at 1215.

2. The district court suppressed the result of the test taken by appellant in his prosecution for driving while intoxicated, finding a violation of his right to counsel. The state has not challenged this finding in the present case. *See Briggs v. State*, 732 P.2d 1078 (Alaska 1987) (order suppressing breathalyzer test in criminal

case operates as collateral estoppel in license revocation proceedings).

3. AS 12.25.150(b) provides:
 Immediately after an arrest, a prisoner shall have the right to telephone or otherwise communicate with the prisoner's attorney and any relative or friend, and any attorney at law entitled to practice in the courts of Alaska shall, at the request of the prisoner or any relative or friends of the prisoner, have the right to immediately visit the person arrested.

on Criminal Rule 5(b).[4] Our concern that the accused be treated fairly, together with the language of the statute and rule, led us to recognize that right.[5] We noted the complexity of the decision whether to comply with an arresting officer's request to take a breathalyzer test, and itemized ten possible ramifications of the decision in a list that was not meant to be exclusive. *Id.* at footnote 17. Similarly, we observed that considerations of fairness to the accused mandated application of the exclusionary rule: "When the driver has been coerced into making a complicated decision without the assistance of counsel required by this opinion, he should not be bound by that decision, since he might have otherwise made it differently." *Id.* at 1215 (quoting *Prideaux v. State Dep't of Public Safety*, 310 Minn. 405, 247 N.W.2d 385 (1976)).

Apart from the fairness rationale, our decision to apply the exclusionary rule in *Copelin* was based on the perceived need to deter future right to counsel violations: "The breathalyzer test, in contrast to the hot pursuit of fleeing felons, provides time for reflection before action and, like a traditional search, consists of intentional efforts by the police to obtain evidence." *Id.* at 1214.

 In the present case, the state argues that the additional deterrent effect which might be achieved by applying *Copelin*'s exclusionary rule to license revocation proceedings is marginal and speculative—reasoning which we found persuasive in the context of probation revocation proceedings. *State v. Sears*, 553 P.2d 907

(Alaska 1976). In this context, however, the argument is not persuasive.

In driving while intoxicated cases—where the crime has not resulted in an accident—license revocation is often the most important and long-lasting sanction imposed on the defendant. The mandatory revocation of driving privileges is for ninety days, one year, and ten years, for first, second, and third offenses respectively; whereas the mandatory minimum sentence of imprisonment and fine is seventy-two hours and $250, twenty days and $500, and thirty days and $1,000 for respective first, second, and third offenses. Driving is such an important privilege in our society that license revocation alone can reasonably be regarded as a significant sanction.[6] Because of this, the deterrent effect of the exclusionary rule imposed by *Copelin* would be weakened significantly if the sanction of license revocation were excepted from the rule of exclusion.

The fairness rationale employed in *Copelin* is equally applicable in the present case. We noted in *Copelin* that a person who submits to a breathalyzer test may have a qualified person of his own choosing administer an additional test of breath or blood. *Id.* at 1213, n. 17. This may be of particular importance since it is a means of testing the reliability of the police administered test. The latter is not entitled to a conclusive presumption of accuracy. *Barcott v. State*, 741 P.2d 226 (Alaska 1987); *Champion v. Dep't of Public Safety*, 721 P.2d 131, 133 (Alaska 1986).

We note, finally, that courts of other jurisdictions are divided on the question

---

**4.** Alaska Criminal Rule 5(b) provides:

Immediately after his arrest, the prisoner shall have the right forthwith to telephone or otherwise communicate with both his attorney and any relative or friend. Any attorney at law entitled to practice in the courts of Alaska, at the request of either the prisoner or any relative or friend of the prisoner, shall have the right forthwith to visit the prisoner in private.

**5.** We emphasize the fact that the right recognized in *Copelin* is a statutory right, 659 P.2d at 1206; we express no opinion on whether the same right exists independent of the statute. Also, it should be noted that this right—the right

to contact and consult with an attorney—is not absolute; as interpreted in *Copelin*, the statute requires only that the person under arrest, upon request, "be afforded a *reasonable* opportunity [to consult with an attorney] before being required to decide whether to submit to a breathalyzer test." *Id.* at 1208 (emphasis added). Thus, such opportunity must be granted only when the particular circumstances are such that "important chemical testing procedures are not unreasonably delayed." *Id.* at 1213.

**6.** *Champion v. Dep't of Public Safety*, 721 P.2d 131 (Alaska 1986); *Graham v. State*, 633 P.2d 211, 216 (Alaska 1981) (driver's license is an important property interest).

whether violation of an accused's right to counsel requires suppression of breathalyzer test results in civil license revocation proceedings. Cases excluding the evidence include *Prideaux v. State*, 310 Minn. 405, 247 N.W.2d 385 (1976); *Gooch v. Spradling*, 523 S.W.2d 861 (Mo.App.1975); *Price v. North Carolina Dep't of Motor Vehicles*, 36 N.C.App. 698, 245 S.E.2d 518 (1978); *Raine v. Curry*, 45 Ohio App.2d 155, 341 N.E.2d 606 (1975); *Fuller v. State, Dep't of Transp.*, 275 N.W.2d 410 (Iowa 1979); *Moore v. Motor Vehicles Div.*, 293 Or. 715, 652 P.2d 794, 799 (1982). Cases which do not employ an exclusionary rule include *Haas v. State, Dep't of Licensing*, 31 Wash.App. 334, 641 P.2d 717 (1982); *Westmoreland v. Chapman*, 268 Cal.App. 2d 1, 74 Cal.Rptr. 363 (1968); *State v. Severino*, 56 Haw. 378, 537 P.2d 1187 (1975); *Steward v. State*, 436 N.E.2d 859 (Ind.App. 1982); *Winter v. Peterson*, 208 Neb. 785, 305 N.W.2d 803 (1981); *Sentle v. Commonwealth*, 48 Pa.Cmwlth. 479, 410 A.2d 903 (1980); *Blow v. Comm'r of Motor Vehicles*, 83 S.D. 628, 164 N.W.2d 351 (1969); *State v. Berry*, 165 W.Va. 783, 271 S.E.2d 776 (1980); *State v. Neitzel*, 95 Wis.2d 191, 289 N.W.2d 828 (1980). These cases, however, seem to be premised primarily on a formal distinction between criminal and civil proceedings. We have rejected this distinction as a basis for decision where considerations of fundamental fairness are involved. *Champion v. Dep't of Public Safety*, 721 P.2d 131; *Briggs v. State, Dep't of Public Safety*, 732 P.2d 1078 (Alaska 1987); *Barcott v. State*, supra. As noted above, such considerations are present here.

For the foregoing reasons, the judgment of the superior court is REVERSED.