Douglas C. WILLIAMS, Petitioner
and Appellee

v.

NORTH DAKOTA STATE HIGHWAY
COMMISSIONER, Respondent
and Appellant.

Civ. No. 870161.

Supreme Court of North Dakota.

Dec. 29, 1987.

Hjellum, Weiss, Nerison, Jukkala, Wright & Paulson, Jamestown, for petitioner and appellee.

Steven F. Lamb, Asst. Atty. Gen., State Highway Dept., Bismarck, for respondent and appellant.

GIERKE, Justice.

The North Dakota State Highway Commissioner (Commissioner) appeals from a district court judgment reversing the Commissioner's suspension of Douglas C. Williams' driving privileges. We reverse and remand.

Following his August 8, 1986, arrest for driving a motor vehicle while under the influence of intoxicating liquor, Williams requested and received an administrative hearing under § 39–20–05, N.D.C.C. One of the issues at the administrative hearing was "whether the arresting officer had reasonable grounds to believe the person had been driving or was in actual physical control of a vehicle in violation of section 39–08–01 or equivalent ordinance." Section 39–20–05(2), N.D.C.C. On August 21, 1986, the Commissioner's hearing officer determined that the arresting officer had such reasonable grounds and suspended Williams' driving privileges for a period of 91 days.

Pursuant to §. 39–20–06, N.D.C.C., Williams appealed the Commissioner's decision to the district court. While the appeal was pending, Williams filed a motion requesting the district court to reverse the Commissioner's decision. The motion was based upon a November 19, 1986, county court Opinion and Order granting Williams' motion to suppress evidence in a criminal proceeding arising from the August 8 arrest. In that Opinion and Order, the county court stated:

"The motion was heard on November 10, 1986, and there were two versions of the events that lead [sic] to the halting of the defendant.

"If one were to accept the arresting officer's description of those events, one would conclude that there was cause to stop the defendant. If one were to accept the description of those events as put forth by the defendant and his passengers, one would conclude there was not cause to make the stop.[1]

---

1. We note that the county court apparently analyzed the issue in terms of cause to stop the vehicle. "[T]he better form of analysis employs the reasonable suspicion standard in regard to

"I have examined the record and find that the officer's testimony about those events was inconsistent with prior testimony and unduly indefinite and vague. On the other hand the witnesses for the defense testified in a very definite and consistent manner.

"Therefore, I determine the facts to be as set forth by the defense and accordingly grant the defendant's motion to suppress."

The district court determined that the county court decision was res judicata and, without reviewing the administrative decision, granted Williams' motion to reverse the Commissioner's decision. Judgment was entered and the Commissioner appealed.

The issue on appeal is whether an intervening county court decision on the issue of reasonable grounds or probable cause to arrest is res judicata in an appeal from the administrative decision. We conclude that it is not and reverse the district court judgment.

"Res judicata means that a valid, existing final judgment from a court of competent jurisdiction is conclusive, with regard to the issues raised, or those that could have been raised, and determined therein, as to the parties and their privies in all other actions." *Peacock v. Sundre Township*, 372 N.W.2d 877, 878 (N.D.1985). "The purpose of the doctrine is to require a definite termination of litigation and to prevent the multiplicity, waste, and harassment which would result if a party could compel an adversary to re-litigate matters previously raised at issue and determined." *Oakes Mun. Airport Auth. v. Wiese*, 265 N.W.2d 697, 700 (N.D.1978). Relying on *Sea–Land Services, Inc. v. Gaudet*, 414 U.S. 573, 94 S.Ct. 806, 39 L.Ed.2d 9 (1974), Williams also points out that the doctrine of res judicata promotes consistency of results and economy of judicial time, both of which interests would be advanced by application of the doctrine in this case.

The Legislature's authorization of both criminal and administrative proceedings upon the arrest of a motorist for driving while under the influence of intoxicating liquor indicates an intention to permit some issues to be litigated twice, thus rendering the doctrine of res judicata inapplicable. In addition, the appellate proceeding in the district court in this case did not involve relitigation of the issue of whether the arresting officer had reasonable grounds to believe that Williams had been driving while under the influence of intoxicating liquor. Rather than relitigation, the proceeding was one to review the correctness of the administrative determination that the arresting officer had such reasonable grounds.

A license suspension proceeding under § 39–20–05, N.D.C.C., "is an exercise of the police power for the protection of the public." *Asbridge v. North Dakota State Highway Comm'r*, 291 N.W.2d 739, 750 (N.D.1980). This court has often said that proceedings under Chapter 39–20, N.D.C.C., are civil in nature, separate and distinct from the criminal proceedings which may ensue from an arrest, and that a dismissal or acquittal of a related criminal charge is irrelevant to the disposition of the administrative proceedings. *See, e.g., Pladson v. Hjelle*, 368 N.W.2d 508 (N.D. 1985); *Asbridge v. North Dakota State Highway Comm'r, supra; Clairmont v. Hjelle*, 234 N.W.2d 13 (N.D.1975).

For the foregoing reasons, we conclude that a county court order suppressing evidence in a related criminal proceeding upon a conclusion that an officer lacked probable cause to arrest is, like a dismissal or acquittal, irrelevant to the disposition of administrative proceedings under Chapter 39–20, N.D.C.C. Thus, a county court decision in a criminal proceeding on the issue of reasonable grounds or probable cause to ar-

the stopping of a person or vehicle." *State v. VandeHoven*, 388 N.W.2d 857, 858 n. 1 (N.D. 1986). "A peace officer may stop a motorist under circumstances short of probable cause for arrest." Syllabus ¶ 2, *Borman v. Tschida*, 171 N.W.2d 757 (N.D.1969). "[A]n officer must have an articulable and reasonable suspicion that a motorist is violating the law in order to legally stop a vehicle" [*State v. Placek*, 386 N.W. 2d 36, 37 (N.D.1986) ], which is a less exacting standard than probable cause. *State v. VandeHoven, supra*, 388 N.W.2d at 858 n. 1.

rest is not res judicata in an appeal from an earlier administrative decision under Chapter 39–20, N.D.C.C.

The judgment is reversed and the matter is remanded for review of the administrative decision.

ERICKSTAD, C.J., and VANDE WALLE, LEVINE and MESCHKE, JJ., concur.