Arden Neil HOLTE, Petitioner and Appellee,

v.

NORTH DAKOTA STATE HIGHWAY COMMISSIONER, Respondent and Appellant.

Civ. No. 880173

Supreme Court of North Dakota.

Feb. 20, 1989.

---

William A. Mackenzie, of Mackenzie, Jungroth, Mackenzie & Reisnour, Jamestown, for petitioner and appellee.

Steven Francis Lamb, Asst. Atty. Gen., State Highway Dept., Bismarck, for respondent and appellant.

VANDE WALLE, Justice.

The North Dakota State Highway Commissioner has appealed from a district court judgment reversing the Commissioner's administrative suspension of Arden Holte's driving privileges. We reverse and remand.

Following his arrest for driving under the influence of intoxicating liquor in violation of § 39–08–01, N.D.C.C., Holte was taken to the law-enforcement center in Jamestown for an Intoxilyzer test pursuant to § 39–20–01, N.D.C.C. Holte requested that he be allowed to telephone an attorney, but was told that he could "call anybody you want once we get done." Holte then submitted, without objection, to the administration of an Intoxilyzer test, which he has conceded was fairly administered.

Holte requested and received an administrative hearing pursuant to § 39–20–05, N.D.C.C. The results of the Intoxilyzer test were received into evidence and Holte's driving privileges were suspended for 364 days.

Holte appealed the administrative decision to the district court as permitted by § 39–20–06, N.D.C.C. Relying on *Kuntz v. State Highway Com'r*, 405 N.W.2d 285 (N.D.1987), the district court concluded that the arresting officer violated Holte's statutory right to consult an attorney before deciding whether or not to submit to a chemical test, reversed the administrative decision, and ordered that Holte's driving privileges be immediately reinstated. The Commissioner appealed and raised the following issue:

"Whether the test results from a fairly administered Intoxilyzer were properly admitted into the record of the civil administrative proceeding even though Mr. Holte was not allowed access to a telephone prior to the administration of the Intoxilyzer in order to call his attorney."

We believe the district court's decision represents an unduly expansive application of the decision in *Kuntz*. There a majority of the court held that "a person arrested for driving under the influence of intoxicating liquor has a qualified statutory right to consult with an attorney before deciding whether or not to submit to a chemical test." *Kuntz supra*, 405 N.W.2d at 285. The court also held that an arrested motorist's "exercise of that right by requesting to call his attorney before taking the test did not constitute a refusal for purposes of revoking his license under Chapter 39–20, N.D.C.C." *Id.*, at 288. *Kuntz* involved the narrow issue of what constitutes a refusal and did not involve the suppression of evidence in an administrative hearing. The majority opinion specifically noted that "[w]e do not exclude any evidence." *Id.*, at 286 n. 1.[1]

Furthermore, in *Kuntz v. State Highway Com'r*, Kuntz refused to submit to the test as he had the right to do pursuant to § 39–20–04, N.D.C.C. That section specifies that if "a person refuses to submit to testing under section 39–20–01 or 39–20–14, none may be given, ..." Here Holte did submit without objection to the Intoxilyzer test. There is thus no issue of refusal before us as there was in *Kuntz*,

---

1. This writer, in a dissenting opinion, observed the majority engaged "despite the statement to the contrary, [in] what appears to be a form of the exclusionary rule in this *civil* proceeding." *Kuntz v. State Highway Com'r*, 405 N.W.2d 285, 292 (N.D.1987) (VandeWalle, J., dissenting). For purposes of the opinion in the instant case I have accepted the statement of the majority at its face value.

for we have construed the language of § 39–20–04 to require an affirmative refusal to take the test to effectively withdraw the implied consent given the State as provided in § 39–20–01. *State v. Solberg*, 381 N.W.2d 197 (N.D.1986); *State v. Mertz*, 362 N.W.2d 410 (N.D.1985); *State v. Kimball*, 361 N.W.2d 601 (N.D.1985).

■ "A license suspension proceeding under § 39–20–05, N.D.C.C., 'is an exercise of the police power for the protection of the public.' " *Williams v. North Dakota State Highway Com'r*, 417 N.W.2d 359, 360 (N.D.1987) [quoting *Asbridge v. North Dakota State Highway Com'r*, 291 N.W.2d 739, 750 (N.D.1980) ]. One of the purposes of our implied-consent law is "to provide an efficient means of gathering reliable evidence of intoxication or nonintoxication." *Asbridge, supra*, at 750. To make use of the evidence gathered, our Legislature has provided that the results of a fairly administered chemical test "must be received in evidence" in any "criminal action or proceeding arising out of acts alleged to have been committed by any person while driving ... under the influence of intoxicating liquor." Section 39–20–07, N.D.C.C. Generally, constitutional protections afforded in criminal proceedings are not applicable in administrative license-suspension proceedings. *Holen v. Hjelle*, 396 N.W.2d 290 (N.D.1986).[2]

In view of the legislative purpose to gather reliable evidence of intoxication or nonintoxication, the legislative direction to receive in evidence the results of fairly administered chemical tests, our previous holdings that an affirmative refusal is necessary to withdraw the implied consent to take the test, and the role of administrative suspension proceedings in protecting the public, we agree with the rationale of the Iowa Supreme Court in refusing to extend the exclusionary rule to civil proceedings as enunciated in *Westendorf v. Iowa Dep't of Transp.*, 400 N.W.2d 553, 557 (Iowa 1987):[3]

"The benefit of using reliable information of intoxication in license revocation proceedings, even when that evidence is inadmissible in criminal proceedings, outweighs the possible benefit of applying the exclusionary rule to deter unlawful conduct. Consequently, the exclusionary rule formulated under the fourth and fourteenth amendments was inapplicable in this license revocation proceeding."

*Contra, Whisenhunt v. Dep't of Pub. Safety*, 746 P.2d 1298 (Alaska 1987).

■ We conclude that the district court erred in reversing the administrative suspension of Holte's driving privileges because of the arresting officer's failure to allow Holte to consult an attorney before he submitted to the administration of a chemical test to determine the alcoholic content of his blood.

The district court judgment is reversed and the matter is remanded for entry of a judgment affirming the administrative decision.

ERICKSTAD, C.J., and GIERKE, J., concur.

MESCHKE, Justice, dissenting.

In *Kuntz v. State Highway Commissioner*, 405 N.W.2d 285 (N.D.1987), Kuntz's license to drive was revoked after he refused to take a chemical test. Because Kuntz was not allowed a reasonable opportunity to try to consult with his attorney, when he asked to do so after his arrest, we reversed the Commissioner's decision to revoke Kuntz's license. In *Bickler v. North Dakota State Highway Commissioner*, 423 N.W.2d 146 (N.D.1988), we again recognized an arrestee's qualified right to con-

---

2. The conclusion in *Kuntz v. State Highway Com'r*, 405 N.W.2d 285 (N.D.1987) is predicated on the language in § 29–05–20, N.D.C.C.: "any attorney at law entitled to practice in the courts of record of this state, at his request, may visit such person after his arrest."

3. In *State v. Vietor*, 261 N.W.2d 828 (Iowa 1978), (cited in *Kuntz v. State Highway Com'r, supra*), the Iowa Supreme Court had held that a motorist arrested for operating a motor vehicle while under the influence of an alcoholic beverage had a statutory right to call a lawyer before deciding whether or not to submit to a chemical test. The court also held that if the arrested motorist is denied that opportunity, evidence of a refusal to take a chemical test is inadmissible at a later criminal trial.

sult with counsel before taking a chemical test. We explained that we did so to erase the contradiction between the post-arrest Miranda assurance of a right to counsel and the subsequent denial of reasonable access to an attorney's advice.

A highway patrolman arrested Arden Holte for driving under the influence of alcohol. Presumably, though not depicted in this record, the patrolman gave Holte the usual advisory about his constitutional rights, including "that he had the right to an attorney; [and] if he could not afford one, one would be appointed for him."

Before the chemical test, Holte repeatedly asked to call a lawyer. At his first request early in the customary observation period, the officer told him: "Well, we'll get all processed here and see about calls." Responding to Holte's next request, the patrolman told him:

"You can make all the calls you need to when we get done. You can call your lawyer, your doctor, anybody you want."

During the 20–minute observation period and an equal extension of it when the patrolman discovered peanuts in · Holte's mouth, three more requests to call an attorney were similarly answered.

At the administrative hearing on suspension of Holte's license to drive, the results of the test were put in evidence. Holte's attorney objected that "the test should [not] be admissible because of the violation of the statute" about calling his attorney. The hearing officer ruled that "[o]n the issue of the right to an attorney, ... the officer did perform his duties in a proper manner," that Holte was properly arrested and properly tested, and that the test results showed an unlawful blood-alcohol concentration. The hearing officer suspended Holte's license to drive for 364 days.

Holte appealed. Holte argued that the violation of his statutory right to call an attorney, as interpreted in *Kuntz v. State Highway Commissioner, supra,* called for reversal. Suggesting that the "context" of Holte's request for an attorney was about bail, not about taking the test, the Highway Commissioner argued that denial of Holte's request for an attorney did not "trigger" the *Kuntz* analysis.

The district court overruled the hearing officer and reinstated Holte's license to drive. The district court reasoned that the right to an attorney after arrest, under NDCC 29–05–20,[1] "does not rest on any type of 'context.'" The district court ruled that "the petitioner had a right to counsel, whatever his motivation, so long as the exercise of that right did not unreasonably interfere with the intoxilyzer testing procedures." The district court ruled that, "given the taint of the denial of [Holte's] right to counsel, ... the results could [not] possibly be considered as 'properly obtained'" under NDCC 39–20–07(5).[2]

1. NDCC 29–05–20 says:
    *"Delay after arrest prohibited—Attorney.—* The accused in all cases must be taken before a magistrate without unnecessary delay, and any attorney at law entitled to practice in the courts of record of this state, at his request, may visit such person after his arrest."

2. NDCC 39–20–07(5) says:
    *"39–20–07. Interpretation of chemical tests.* Upon the trial of any civil or criminal action or proceeding arising out of acts alleged to have been committed by any person while driving or in actual physical control of a motor vehicle while under the influence of intoxicating liquor, drugs, or a combination thereof, evidence of the amount of alcohol, drugs, or a combination thereof in the person's blood at the time of the act alleged as shown by a chemical analysis of the blood, breath, saliva, or urine is admissible. For the purpose of this section:

    " * * *
    "5. The results of the chemical analysis must be received in evidence when it is shown that the sample was properly obtained and the test was fairly administered, and if the test is shown to have been performed according to methods and with devices approved by the state toxicologist, and by an individual possessing a certificate of qualification to administer the test issued by the state toxicologist. The state toxicologist is authorized to approve satisfactory devices and methods of chemical analysis and determine the qualifications of individuals to conduct such analysis, and shall issue a certificate to all qualified operators who exhibit the certificate upon demand of the person requested to take the chemical test.
    " * * * *"

The Commissioner appealed the district court decision, arguing, strangely, that our *Kuntz* decision is authority "that an exclusionary rule should not be applied in civil administrative proceedings." Holte responded that *Kuntz* applied to his situation where access to an attorney was unreasonably refused before taking a chemical test. Holte cited *Whisenhunt v. Department of Public Safety*, 746 P.2d 1298 (Alaska 1987) where the Alaska Supreme Court held that the result of a test secured in violation of the right to counsel should be excluded in a civil license revocation proceeding.

Holte also suggested mootness, declaring "this appeal is of no consequence to Holte" and questioning "the necessity of this appeal and whether the Commissioner is seeking an advisory opinion." Holte disclosed that on the day after the Commissioner appealed this district court decision, Holte negotiated a plea bargain on the criminal charge, pled guilty to a second offense DUI, and was sentenced.[3] As a result of his criminal conviction, Holte's license to drive was later suspended for 364 days.

The Commissioner did not reply to this suggestion of mootness. At oral argument, counsel for the Commissioner conceded that no additional suspension could be applied to Holte through this administrative proceeding. *See* NDCC 39–06.1–10, particularly at subsection 4. Nevertheless, counsel for the Commissioner urged that we address the "very important issue" here.

Whatever importance the issue may have, I believe that it is not a matter of such great public interest that it demands our immediate attention absent an actual controversy. I believe that our opinion in this case would be purely advisory.

In *Rolette Education Association v. Rolette Public School District*, 427 N.W.2d 812 (N.D.1988), we recently studied our mootness decisions and applied our mootness doctrine. There, mootness was suggested at oral argument because the school district and the association representing the teachers had changed a contract clause to resolve their dispute after the appeal had been taken. We concluded that the dispute was not a matter of such great public interest that it demanded our attention absent an actual controversy. We dismissed that appeal. We should also dismiss this case where the dispute has been resolved and mooted by events during the appeal.

If a law enforcement officer should again deny an arrested person reasonable access to counsel, I am confident that the denial would be reviewable through an administrative proceeding. As in *Rolette*, I do not believe this issue is capable of being repeated in a manner that will escape review.

Accordingly, I would dismiss this appeal.

LEVINE, J., concurs.

---

**3.** Holte also told us that the State's Attorney for Stutsman County had not resisted his motion to suppress the test results in the criminal case and had not intended to offer the results in the trial scheduled to take place on the day of his plea bargain. *See State v. Dressler*, 433 N.W.2d 549 (N.D.App.1988); *Patterson v. Illinois*, —— U.S. ——, 108 S.Ct. 2389, 101 L.Ed.2d 261 (1988); and Annot., *Denial of Accused's Request for Initial Contact with Attorney—Drunk Driving Cases*, 18 A.L.R. 4th 705 (1982).