Filed 12/13/11 by Clerk of Supreme Court

IN THE SUPREME COURT

STATE OF NORTH DAKOTA

2011 ND 226

Kristi J. Burgess, Plaintiff and Appellee

v.

North Dakota Department 

of Transportation, Defendant and Appellant

No. 20110162

Appeal from the District Court of Ward County, Northwest Judicial District, the Honorable Douglas L. Mattson, Judge.

REVERSED.

Per Curiam.

Tom P. Slorby, P.O. Box 3118, Minot, N.D. 58702-3118, for plaintiff and appellee.

Michael T. Pitcher, Assistant Attorney General, Office of Attorney General, 500 N. 9th St., Bismarck, N.D. 58501-4509, for defendant and appellant.

Burgess v. N.D. Department of Transportation

No. 20110162

Per Curiam.

[¶1] The North Dakota Department of Transportation appeals from the district court’s judgment reversing the administrative hearing officer’s decision to suspend Kristi Burgess’s driving privileges for two years.

[¶2] Burgess was arrested for driving under the influence of alcohol, transported to a medical facility, and submitted to a blood draw that revealed her alcohol concentration exceeded the legal limit.  Burgess sought an administrative hearing.  She argued the blood test results were inadmissible because her request for an attorney was not granted.  The hearing officer concluded the blood test results were admissible and suspended Burgess’s driving privileges.  Burgess sought judicial review.  The district court reversed the hearing officer’s decision, concluding the hearing officer failed to make a specific finding as to whether Burgess requested an attorney after her arrest.  The Department appealed, arguing the blood test results were admissible in the administrative hearing because the exclusionary rule does not apply to civil proceedings and, therefore, the district court erred in reversing the hearing officer’s decision.  We agree.  Our decision in 
Holte v. State Highway Comm’r
, 436 N.W.2d 250 (N.D. 1989) is dispositive of this issue.  In 
Holte
, we held constitutional protections available in criminal matters are not necessarily applicable in administrative proceedings, and we “refus[ed] to extend the exclusionary rule to civil proceedings.”  
Id.
 at 252.  We, therefore, summarily reverse the district court under N.D.R.App.P. 35.1(b) and reinstate the license suspension.

[¶3] Gerald W. VandeWalle, C.J.

Mary Muehlen Maring

Daniel J. Crothers

Dale V. Sandstrom

Carol Ronning Kapsner